**Fred J. VALENTINE, Appellant,**

v.

**CONTICOMMODITY SVS, INC., et al., Respondents.**

No. C2–83–452.

Supreme Court of Minnesota.

Feb. 24, 1984.

Rauenhorst & Associates, Arden Hills, for appellant.

John Berg, Minneapolis, for respondents.

TODD, Justice.

This case involves an action by an investor seeking damages and punitive damages for alleged wrongful, erroneous and negligent trading in his commodities futures trading account. The commodities brokerage company, Conticommodity Services, Inc. (Conti), sought summary judgment on the dual grounds that plaintiff 1) agreed in his customer agreement to arbitrate any disputes and 2) failed to demand arbitration within the 1-year time limitation. Plaintiff appeals from the trial court's grant of summary judgment. We hold that under the particular facts of this case defendant is estopped from asserting the parties' agreement to arbitrate as a bar to judicial action and reverse and remand to the trial court.

Fred J. Valentine is an 89-year-old retired engineer with substantial investment experience. Dissatisfied with how his commodities account was being handled by one brokerage firm, he switched his account to Conti on July 1, 1980. According to Valentine, Conti's Jean Melgaard was the first broker to whom he had ever given trading authorization, the power-in-fact to buy and sell for the client's account. Prior to that time, Valentine had specifically ordered and authorized each purchase and sale. In addition to signing the commodities trading authorization form, Valentine signed a preprinted customer agreement which contained the arbitration clause at issue here:

> Any controversy between you and me arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the rules then obtaining, of the American Arbitration Association or the Arbitration Committee of any Exchange on which any order involved therein may have been executed or in which you shall have the benefit of membership. Arbitration must be commenced within one year after the cause of action has accrued by service upon the other of a written demand for arbitration, naming therein the arbitration tribunal.

Melgaard kept both forms without providing Valentine copies of either.

According to Valentine, on or about August 8, 1980, Melgaard contacted him to advise him that she would be on vacation for the period August 11–18, 1980, and to suggest that Roy Abbott handle Valentine's account in her absence. Valentine further alleges that he gave Melgaard strict instructions that Abbott not trade in Valentine's account during her absence. Valentine claims that Abbott did in fact trade in Valentine's account during Melgaard's absence, as evidenced by trading confirmations.

Valentine claims he appeared before Abbott and Melgaard on four separate occasions, orally requesting rescission of the specific unauthorized trades. In his affidavit, Valentine states that "[a]t no time did any of the defendants named in this action respond to affiant's good faith request to negotiate, arbitrate or resolve the situation complained of other than to deny any wrongdoing on their part." Valentine never reduced his claims to writing, nor did he make a written demand for arbitration. Apparently Conti advised Valentine that their agreement contained an arbitration agreement for dispute resolution only after a year had elapsed.

On July 22, 1982, Valentine commenced this judicial action based on misrepresentation, fraud and breach of fiduciary duty. Conti defended on the grounds that his action was barred by the arbitration agreement and further by its 1-year time limitation.

On appeal from summary judgment, the reviewing court is to determine only whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The nonmoving party must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial. *Moundsview Indep. School Dist. No. 621 v. Buetow & Assoc., Inc.*, 253 N.W.2d 836, 838

(Minn.1977). But all doubts and factual inferences must be resolved against the moving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

As a general matter, arbitration is encouraged. *See Har-Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 153, 218 N.W.2d 751, 754 (1974). Enforcement of arbitration agreements by the courts, however, is subject to legal or equitable claims by either party. *See, e.g., The Brothers Jurewicz, Inc. v. Atari, Inc.,* 296 N.W.2d 422, 428 (Minn.1980) (defendant waived its right to arbitration by answering on merits plaintiff's complaint and by participating in that litigation without moving trial court to stay proceedings and compel arbitration). We summarize as follows Valentine's allegations: Conti allowed Valentine to sign preprinted trading authorization and customer agreement forms without providing him copies. It allowed another agent to trade in his account in violation of the specific trading authorization he gave Jean Melgaard. It ignored his repeated requests to discuss and resolve the alleged unauthorized trades. At the same time, it did not show him the agreements he signed or provide him copies. Nor did it advise him those agreements contained an arbitration agreement for dispute resolution. Under the particular facts of this case, we hold Conti is estopped from asserting the parties' agreement to arbitrate. The district court granted summary judgment believing the arbitration agreement precluded judicial action. Because we hold Conti is estopped from asserting the parties' agreement to arbitrate, we reverse and remand to the trial court for further consideration.

Having determined Conti was estopped from asserting the arbitration agreement, we need not consider the invalidity of the one-year time limitation which the parties placed in the agreement.

Reversed and remanded.